305 So.2d 668 (1974)
Belle Virginia GOLDBLUM, testamentary executrix of the succession of Dr. George J. Woolhandler, Plaintiff, Defendant-in-Reconvention, Appellee,
v.
Dr. C. Elmo BOYD et al., Defendants-Appellees,
Doctors' Hospital, Inc., Defendant, Plaintiff-in-Reconvention, Appellant.
No. 12470.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1974.
Rehearing Denied, January 21, 1975.
Wiener, Weiss & Wiener, by Jacques L. Wiener, Blanchard, Walker, O'Quin & Roberts by John T. Cox, Jr., and Robert Roberts, Jr., Shreveport, for defendants, plaintiff-in-reconvention, appellees-appellant.
Herold & Geneux, by Simon Herold, Shreveport, Alston, Miller & Gaines, Atlanta, Ga., Van Hook, Pesnell and Van Hook, by James A. Van Hook, Shreveport, for plaintiff, defendant-in-reconvention, appellee.
Before AYRES, HALL and DENNIS, JJ.
En Banc. Rehearing Denied, January 21, 1975.
AYRES, Judge.
An exception of no cause of action filed by plaintiff, defendant-in-reconvention, to the petition and reconventional demand of the defendant Doctors' Hospital, Inc., having been sustained, Doctors' Hospital, Inc., appealed.
Plaintiff, Mrs. Goldblum, brought this action as executrix of the succession of Dr. George J. Woolhandler against Doctors' Hospital, Inc., and a number of stockholders of the corporation, the object of which was to rescind and set aside three *669 contracts to which the decedent, Dr. Woolhandler, was a party, that is: (1) a voting trust agreement under which voting trust certificates covering a majority of the shares of the corporation were issued to Dr. Woolhandler and the individual defendants; (2) an option granted by Dr. Woolhandler and others to Dr. C. Elmo Boyd giving Dr. Boyd a preference and the right of first refusal of the Woolhandler shares and other shares in the corporation; and (3) a shareholders' agreement affecting the Woolhandler shares as well as shares of the other individual defendants.
In filing its answer, defendant Doctors' Hospital included a reconventional demand through which it sought to recover, under the Louisiana antitrust laws (LSA-R.S. 51:121 et seq.), the amount of its damage, $900,000, trebled to $2,700,000, and attorneys' fees arising from an alleged reduction and loss of earnings in the operation of a general hospital in the City of Shreveport. As a basis for a cause of action, it is alleged that the reduction of earnings was caused by a combination, conspiracy, or agreement between Charter Medical Corporation and plaintiff, Mrs. Goldblum, and others, the purpose of such combination being to monopolize a part of the business of furnishing general hospital services in an area of North Louisiana in and surrounding the City of Shreveport.
Charter Medical Corporation was described as the owner and operator of Physicians and Surgeons Hospital, one of the alleged five general-service hospitals in the Shreveport area, which, as well as Doctors' Hospital, was alleged to be in commerce in North Louisiana, serving patients from that and surrounding areas.
The business of the Doctors' Hospital was managed by a board of directors composed of stockholders, of which board Dr. C. Elmo Boyd was chairman and Dr. George J. Woolhandler, vice chairman.
It is alleged that, on a date prior to February 28, 1971, Charter Medical Corporation and certain named owners of stock of the defendant Doctors' Hospital entered into an agreement, combination, or conspiracy to monopolize a part of the hospital trade in the City of Shreveport and surrounding areas of Northwest Louisiana by obtaining for Charter the ownership of and, in some instances, options to purchase a majority of the stock of Doctors' Hospital. Charter's maneuvers with its allies to acquire ownership and control of Doctors' Hospital includes the alleged solicitation by the individuals of their friends and acquaintances owning stock of Doctors' Hospital to sell it to Charter or to grant it options thereon including the right to vote. Those of the alleged coconspirators who were physicians and had customarily brought patients to the hospital allegedly let it be known generally and threatened that, unless Charter obtained substantial ownership and at least voting control of Doctors' Hospital and replaced the existing management, they would cease patronizing Doctors' Hospital. These individuals publicly announced threats of a boycott to assist Charter and thus obtain control of the defendant Doctors' Hospital. Plaintiff-in-reconvention alleges that when the aforesaid efforts were unsuccessful the boycott was placed in effect.
This failure on the part of Charter and its allies allegedly resulted from the fact that in the confrontation between the two factions which ensued Dr. Boyd, chairman, Dr. Woolhandler, vice chairman, in whose right Mrs. Goldblum brought this action, and the then management of the hospital were supported by the owners of a majority of the shares of stock of the corporation. After the initially unsuccessful effort by Charter and its alleged coconspirators, a number of individuals allied with Charter allegedly conducted and are conducting an active boycott of Doctors' Hospital which has resulted in damage to the hospital by reducing its gross earnings, as *670 already noted, in the alleged amount of $900,000. Since Dr. Woolhandler's death and the appointment of plaintiff, Mrs. Goldblum, as executrix, Charter is allegedly continuing its efforts to obtain control of Doctors' Hospital and to create a monopoly. Charter is alleged to have undertaken to persuade Mrs. Goldblum, with respect to Dr. Woolhandler's shares, to join in the aforesaid combination, conspiracy, and agreement. Pursuant thereto, the executrix did allegedly enter into a written agreement with Charter to sell her stock for $200 per share, a price alleged to be twice its value, and to permit Charter to bring this action, all at Charter's expense but in Mrs. Goldblum's name, in an attempt to annul and set aside the voting trust agreement, the contract of first refusal, and the shareholders' agreement, all as noted hereinabove.
Plaintiff-in-reconvention alleges and concludes from the above statement of facts that Mrs. Goldblum, individually and as executrix, by her continuing active participation and assistance to Charter, with full knowledge of the aforesaid purposes of the combination, has made herself a party to such combination, conspiracy, and agreement to monopolize the business as described above and that, as a result, she is responsible along with Charter and the other individual members of the alleged conspiracy for all damages caused thereby to plaintiff-in-reconvention.
The only issue determined by the judgment appealed and before this court is that concerning the sufficiency of the petition in reconvention to state a cause of action.
The allegation of the reconventional demand, briefly restated, is that the Charter Medical Corporation and its associates set out to monopolize commerce and hospital facilities in North Louisiana by adding to the general-service hospitals already owned and operated by Charter the additional hospital owned and operated by the defendant Doctors' Hospital, and that Mrs. Goldblum, as executrix, allegedly joined in the conspiracy to monopolize a part of the hospital business in Northwest Louisiana by agreeing to accept a premium price for her stock and actively assisting Charter by lending her name to this lawsuit in order to obtain control of the majority of the Doctors' Hospital stock.
Monopolies, trusts, combinations, or conspiracies in restraint of trade are prohibited:
". . . all combinations, trusts, or conspiracies in restraint of trade, commerce or business, as well as all monopolies or combinations to monopolize trade, commerce or business, are hereby prohibited in the State of Louisiana, . . . ."
LSA-Const. Art. 19, § 14.
Moreover, LSA-R.S. 51:123 prescribes that:
"No person shall monopolize, or attempt to monopolize, or combine, or conspire with any other person to monopolize any part of the trade or commerce within this state. * * *"
In the same tenor, LSA-R.S. 51:125, subd. A prescribes:
"A. No corporation, engaged in commerce, shall acquire, directly or indirectly, the whole or any part of the shares of another corporation, engaged in the same line of commerce, where the effect of the acquisition:
" (1) May be to substantially lessen competition between the corporation whose stock is acquired and the corporation making the acquisition;
"(2) May be to restrain commerce in any section or community; or
"(3) Tends to create a monopoly in any line of commerce."
*671 Damages are recoverable for the violation of the aforesaid provisions of the law. LSA-R.S. 51:137 recites:
"Any person who is injured in his business or property by any person by reason of any act or thing forbidden by this Part may sue in any court of competent jurisdiction and shall recover three-fold the damages sustained by him, the cost of suit, and a reasonable attorney's fee."
Mrs. Goldblum's position in this court, as it was in the district court, is that she may dispose of the property under her control as she chooses. This position ignores the fact that her agreement with Charter went further in that she allegedly agreed, in consideration of a premium price for her stock, to assist Charter in its efforts to remove the aforenoted encumbrances, by this suit, from the Woolhandler stock so as to enable her to effect a sale thereof to Charter.
From our review of the allegations of the original petition, amplified by those supplemental thereto, and from our appreciation and understanding of the statutory law, quoted hereinabove, we are of the opinion that the petition in reconvention disclases a cause of action and that the judgment sustaining the exception thereto was erroneous.
The judgment appealed is accordingly annulled, avoided, reversed, and set aside, and the exception of no cause of action is overruled. This cause is accordingly remanded to the Honorable First Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings consistent with the views herein expressed and in accordance with law.
The cost of this appeal is assessed to appellee; the assessment of all other costs is to await final determination of this cause.
Reversed and remanded.